## CHARLES LEVISTONE *v.* THOMAS BARKSDALE BONA.

Plaintiff, to whom a slave had been mortgaged by defendant, having seized the slave in the hands of a third person, the order of seizure and sale was enjoined by the latter; and the opposition, being tried in the absence of the opponent's counsel was dismissed, and the injunction dissolved. Another writ of seizure and sale having been issued, was again opposed by the same party. *Held* that the dismissal on the first trial must be viewed as a nonsuit, and not as furnishing ground for the plea of *res judicata*, the opponent occupying the position of a plaintiff, and being bound to support his opposition by proof.

Defendant executed a mortgage on a slave to secure the payment of a note given to plaintiff, the act stipulating that the mortgagor should, on paying a part, be entitled to renew the note for the balance, for a limited time, but there was no provision extending the mortgage to the new note. There was a part payment, and renewal for the balance; plaintiff giving up to defendant the original note. Plaintiff afterwards presented the second note to the notary, and obtained from him a certificate that the original note had been presented to him, that plaintiff had declared that he had received the part payment and taken the second note in renewal, and that he, the notary, had *paraphed* it for the purpose of identifying it with the transaction. This certificate was not recorded at the Mortgage Office. Defendant sold the slave, under a certificate from the Recorder of Mortgages, that a mortgage existed on the slave to secure the payment of the first note. On an opposition by the purchaser to an order of seizure and sale taken out by plaintiff: *Held*, that the mortgage did not extend to the renewed note; that the purchaser was not bound to look beyond the certificate of the Recorder of Mortgages; that plaintiff, by surrendering the original note, without taking any steps to give notice to third

person's of the mortgage claimed for his new note, gave the purchaser reason to believe that the original note and the mortgage were both extinguished ; that nothing connects the second note with the mortgage ; and that neither the note, nor the certificate of the notary, are such authentic evidence as authorize the issuing of an order of seizure and sale,

APPEAL from the Parish Court of New Orleans, *Maurian*, J.
*Chinn* and *Elwyn*, for the appellant.
*Roselius*, for the opponent.

MORPHY, J.    An order of seizure and sale, taken out by the plaintiff under a mortgage executed to him by the defendant, was levied on the slave Hester and her child, in the possession of Virginia Wilkinson Thompson, who had purchased them from the defendant.  She enjoined the proceedings on the ground that the debt, to secure which the mortgage was granted, had long since been paid and satisfied ; and she annexed to her opposition the note described in the mortgage as being the evidence of that debt. In answer to this opposition the plaintiff averred that the opponent, when she purchased, well knew of the existence of this mortgage, and that the sale of the defendant to her was fraudulent on the part of both vendor and vendee, and intended to deprive him of his lien on the slave Hester.   When the case came on for trial, the counsel for the opponent not being present, the court heard the evidence adduced by the plaintiff, and dismissed the opposition.   Another writ of seizure and sale having been issued, was again opposed on the same grounds.   The plaintiff pleaded *res judicata*, and the general issue.   The second opposition having been sustained, and the injunction made perpetual, the plaintiff has appealed.

The Judge below considered the dismissal of the opposition on the first trial in the light of a nonsuit, and as furnishing, as such, no ground for the plea of *res judicata*.   We cannot say that he erred.   The opponent stood in the position of a plaintiff, and was bound to support her opposition by proof.   As she failed to do this, the judgment of dismissal was not improperly viewed as one of nonsuit.  5 Mart. N. S. 120.   7 Ib. N. S. 362.   2 La. 429.

On the merits, the evidence shows that to secure the payment of a note of $2000, given for money loaned to him, the defendant

Levistone v. Bona.

executed to the plaintiff, on the 23d of March, 1838, a mortgage on the slave Hester and several others. It is stipulated in the notarial act, that the mortgagor shall have the right of renewing this note at maturity, for a term not extending beyond the 14th of June following, on his making a payment of $500. The $500 were paid at maturity by the defendant, and a new note was made for $1500, bearing date the 26th of May, 1838, and payable sixteen days after date. On the 11th of July following, a further sum of $419 was paid by the defendant. On the 16th of the same month, plaintiff presented the note of $1500 to the notary who had drawn up the act of mortgage, and procured from him a certificate in which the notary declares, that on the 26th of May preceding, he, the plaintiff, had presented to him the original note of $2000, and had declared that in pursuance of the agreement to renew contained in the said act, he had received $500 in part payment, and had taken in renewal the said note of $1500. The notary further declares, that he made on the note a paraph "ne varietur," bearing date the 26th of May, 1838, to identify it, as he expresses it, with the transaction. Had this document, informal as it is, been recorded at the office of the Recorder of Mortgages, it might have conveyed to third persons some notice, that although the note of $2000 had been surrendered to the defendant, the mortgage yet subsisted for $1500; but no registry was made of it, and the only evidence in the record even of the recording of the original mortgage, is to be found in the sale annexed to the opposition, which recites that according to the certificate of the Register of Mortgages, there is a mortgage in favor of Charles Levistone to secure the payment of a note of $2000, but that the said note had been deposited in the hands of the notary for the purpose of raising the said mortgage, within the shortest possible delay, at the expense and costs of the seller.

With such evidence before him, the Judge, we think, decided correctly. The mortgage was given only to secure the payment of a note of $2000, and no provision was made extending it to any renewal. Admitting that between the parties, it could be construed so as to cover the renewal agreed to, the purchaser of the slave Hester was not bound to look beyond the certificate of the Recorder of Mortgages, which makes no mention of the sti-

pulated right of renewing. When the defendant availed himself of this right, the plaintiff should either have kept in his possession the original note, or have required its deposit at the notary's office until the note given in renewal was paid ; or, he should have taken an inscription to secure the payment of the latter note. By surrendering the note of $2000 to his debtor, without taking any steps to give notice to third persons of the mortgage which he now claims for his renewed note, the plaintiff had given the opponent every reason to believe that the note of $2000, the only one mentioned in the certificate of mortgages, was extinguished, and with it the mortgage intended to secure its payment. Nothing connects the note of $1500 with the mortgage executed on the 23d of March, 1838 ; and neither the note, nor the certificate delivered by the notary on the 16th of July, 1839, presents such authentic evidence as should have authorized the issuing of an order of seizure and sale, especially when third parties were to be affected by it.

*Judgment affirmed.*