No. 122.—A. B. Hughes, Administrator, *v.* R. B. Patterson et al.

23 679
47 17;
———
23 679
d116 817

The fact that suit has been brought for a tract or body of land and afterward dismissed by the plaintiff, is not such a disturbance as will give the vendee the right to demand security against eviction before payment.

If several persons have purchased a tract of land and given their obligation for the price *in solido*, with a single mortgage on the entire tract as security therefor, the vendor or the holder of the obligation may pursue either one of the obligors for the whole amount, but if he desires to sell the property mortgaged in payment of the obligation, then he must make all the obligors parties to the suit, otherwise no title of the interest in the land of such obligors as are not made parties would pass to the purchaser.

APPEAL from the Tenth Judicial District Court, parish of Caddo. *Levissee*, J. *T. T. & A. D. Land*, for plaintiff and appellee. *Looney, Wells & Duncan*, for defendants and appellants.

TALIAFERRO, J. The defendant Patterson and John Walpole, Sr., in January, 1862, bought at a succession sale of property belonging to the estate of William Arick a tract of land, which was adjudicated to them at the sum and price of $4939 80. The adjudication was "to Robert B. Patterson and John Walpole, Sr., of the parish of Caddo," etc. They executed *in solido* two promissory notes, each for one-half the price, payable respectively in one and two years from the twenty-fifth of January, 1862, stipulating interest at the rate of eight per cent. per annum from date. Baer and W. M. Walpole signed the notes with them as their sureties. The purchasers specially mortgaged the land purchased to secure the payment of the notes.

This suit is brought by the administrator of Arick's estate to enforce payment of these notes. The defense is placed upon three grounds:

*First*—That defendants should be released from the payment of all interest on the notes sued on.

*Second*—That before payment of the notes the defendants should be protected against the claims of the United States government, and those of the heirs of Wilkins Dales against the land purchased by defendants.

*Third*—That the mortgage should be enforced only against the interest of the parties before the court in the land mortgaged.

The court *a qua* rendered a judgment *in solido* against Patterson and Baer for the principal of the notes, with eight per cent. interest from

judicial demand, and ordered that the plaintiff's mortgage be enforced on Patterson's undivided half of the mortgaged land. From the judgment so rendered the plaintiff has appealed.

This suit is against all the makers of the notes. After answers filed, John Walpole, Sr., and William M. Walpole died. It does not appear that the suit was revived against the heirs or representatives of the deceased parties.

The defendants have not succeeded in establishing disturbance in the possession of nor danger of eviction from the land purchased. In support of this plea they introduced in evidence the record of a suit of Dales v. Baer and Walpole, on the docket of the district court for the parish of Caddo, in which Dales set up a claim to the land. The suit consists of a petition filed in April, 1862. There seems to have been no citation nor appearance of the defendants. In April, 1866, the suit was dismissed on motion of plaintiff's counsel. The defendant Patterson in his testimony says that possession was refused by Dales, who pretended that he owned the land; but he admits that he did not know who was in actual possession of the land or whether any person was, and that he never went to take possession of it at the time of the sale or afterwards. He says that he offered to pay the administrator if he would make the titles good or give security, but that both the administrator and the auctioneer refused to receive payment until the suit instituted by Dales was disposed of. This declaration that he was prepared to pay does not amount to a legal tender. C. P. art. 407; 2 An. 442; 6 La. 19.

We concur in opinion with the judge a quo that the defendants failed to establish a right to claim security against eviction as a condition precedent to making payment. There was no disturbance. Where, in such cases, suit is brought and afterwards dismissed, the vendee has no ground for refusing payment. 4 N. S. 352; 3 L. R. 432; 16 La. 501.

This view of the second ground of defense disposes of the first. The third point of the defendants remains to be considered.

The plaintiff maintains that a judgment against either of the joint owners, being solidary obligors, authorizes an order of sale against the whole property. The defendants, Patterson and Baer, contend that the mortgage can be enforced only against the interest in the land of the party before the court. The position of the plaintiff is correct that in the case before the court there is but one obligation to pay the price—à single debt secured by special mortgage; that this obligation can not be divided or paid in part without the consent of the obligee; that each of the debtors in solido can be compelled to pay the whole debt; that the obligors may be pursued separately or all together; that the mortgage is in its nature indivisible, and extends over all the immovables subject to it; that it is tota in toto, et tota in qualibet parte.

But does it follow that because the plaintiff may demand the whole amount of his debt from any one of his debtors *in solido*, and each and every portion of the mortgaged property is affected for each and every portion of the debt, that the title and right to the undivided half interest owned and held by one of the solidary obligers and mortgageors can be divested judicially without making that joint owner, or his representatives, a party to the proceeding and decree by which the whole of the mortgaged property is ordered to be sold to satisfy the debt? The plaintiff refers to the case of Walton *v.* Lizardi, 15 L. R. 588; to that of Erwin *v.* Green, 5 Rob. 70, and to that of Gordon *v.* His Creditors, ib. 47. But we think neither of these cases presents the point raised in the case now before us.

The first of these cases merely determines the nature of the title acquired by Walton & Kemp from Lizardi and the extent of his liability under their contract of sale. The second, varying in its facts from the first, decides the nature and extent of the obligation contracted by some of the plaintiff's vendees, who, as mortgageors, were, upon the supposition that their interest in the land sold was mortgaged with that of the other vendees, made parties to the suit and remained such until its final result. The third case was, where the whole tract of land being mortgaged, the undivided half interest of one of the mortgageors was, without objection, sold by his syndic, and thereupon a contest arose among the mortgage creditors over the proceeds.

In the case at bar the extent of the plaintiff's right against all the solidary obligors and the indivisibility of the mortgage in his favor to secure the payment of his debt can not be contested. But what remedy does the law confer upon him to enforce his right? His debtors may be sued separately. or altogether, and the whole debt may be demanded from any one of them. He may, moreover, cause the whole of the mortgaged property to be sold to satisfy his claim and he is not, under his contract of sale, obliged to submit to a sale of a fractional part of, or interest in, the hypothecated premises by which his security might be diminished or impaired. The mortgage, on the other hand, does not divest the owner of the property itself, but only of the right on the property, the title to which, as well as the possession, remains in this case in John Walpole, Sr., or his representatives. 2 La. 158. And as no one, however holding the title to property can, under our system of laws, be divested judicially of that property unless by due process of law, in which he, as owner, is made a party before the court, any judgment, unless rendered contradictorily with him, the effect of which would be to expose his property for sale, would not divest him of title or transfer to a purchaser his right to the property. The representatives of John Walpole, Sr., one of the joint owners of the whole tract of land sought by the plaintiff to be sold to

satisfy the judgment *in solido* against Patterson only, were necessary parties, whose participation in the suit was essential before any judgment affecting their interest in the land could be made obligatory upon them or could form a valid basis of a judicial sale of their interest in the property. To determine otherwise would be to ignore the fact that John Walpole, Sr., and his representatives, since his death, had and continue to have and hold a vested title and interest in the land in question which could only be divested according to law.

The judgment appealed from, so far as it condemns Patterson and Baer *in solido*, is a proper one ; but so far as it decrees the sale of Patterson's half interest only, it can not be maintained, and the case must be remanded for the purpose of making proper parties.

It is therefore ordered, adjudged and decreed that the judgment of the district court, so far as it orders a sale alone of the defendant Patterson's half share and interest in the mortgaged property, be annulled, avoided and reversed, and in other respects that the judgment be affirmed.

It is further ordered that this case be remanded to the court of the first instance in order that proper parties be made, and then to be proceeded with according to law, the defendants and appellees paying costs of this appeal.