(55 South. 693.)

No. 18,436.

VARNADO et ux. v. W. B. THOMPSON & CO. et al.

(June 15, 1911. Rehearing Denied June 30, 1911.)

*(Syllabus by the Court.)*

1. MORTGAGES (§ 83*)—CONSTRUCTION—WAIVER.

A mortgage is, in its nature, indivisible, and it prevails over all the immovables subject to it, and over each and every portion. C. C. arts. 2112 and 3282; Walton & Kemp v. Lizardi et al., 15 La. 588; Pepper v. Dunlap, 16 La. 163.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 83.*]

2. WAIVER OF HOMESTEAD.

A waiver of homestead rights embraced in an act of mortgage exists as long as the mortgage does.

3. PLEDGES (§ 44*)—RELEASE—EXTENSION OF ORIGINAL NOTE.

Where a note is pledged before maturity to secure another note of the pledgor, the extension or renewal of the pledgor's note, with interest paid in advance, in the ordinary manner does not extinguish the original obligation, or the pledge securing the same. Union National Bank v. Slocomb, 34 La. Ann. 927.

[Ed. Note.—For other cases, see Pledges, Cent. Dig. §§ 103–107; Dec. Dig. § 44.*]

Appeal from Twenty-Sixth Judicial District Court, Parish of Washington; Thomas M. Burns, Judge.

Action by D. D. Varnado and wife against W. B. Thompson & Co. and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Prentiss B. Carter, M. I. Varnado, and Ott, Johnson & Ott, for appellants. Gordon W. Goodbee, Gayer & Talley, and Hall, Monroe & Lemann, for appellee W. B. Thompson & Co.

SOMMERVILLE, J. Plaintiff, D. D. Varnado, issued to defendants a demand note for $1,500, secured by mortgage on his home, in Washington parish. He and Mrs. Varnado waived their homestead rights in the act of mortgage in favor of all future holders of the note. The note thus secured was intended to be used as collateral security.

The note has not been paid, and plaintiffs are here seeking to enjoin executory process thereon, issued at the instance of defendants, on the grounds that the debt for which the note was given as security has been paid; and that the waiver of the right of homestead in the act of mortgage has lapsed, or has been recalled, or is extinguished.

Plaintiffs say in argument:

"We want to say at the outset that there is but one issue before the court, and that is the homestead exemption. There is no question here of the validity of the mortgage. The mortgage is alive and operative as a mortgage, as long as the present indebtedness due by J. E. Varnado & Bro., to defendants remains unpaid. It has been kept alive by the acts of D. D. Varnado alone by joint letters signed by D. D. Varnado and J. E. Varnado, under date of May 8, 1905, March 12, 1906, and March 14, 1907.

"Now, we contend that the act of mortgage and homestead waiver, dated March 29, 1905, and the written act of pledge, dated May 1, 1905, must be construed together. The act of pledge was merely the written consummation of the agreement made by all parties at the time the mortgage was given. This fact is patent on the face of the record. This act of pledge fixed the rights and liabilities of all parties, and defendant is a party to both the mortgage and pledge for the payment of the indebtedness therein mentioned, and the homestead was irrevocably bound; but when D. D. Varnado, at a later date, attempts to enlarge the liabilities thereunder, the only effect it can have is to keep alive the mortgage. Both the mortgage and homestead waiver were restricted in their operation by the terms of the act of pledge of May 1, 1905, and, while the mortgage could be perpetuated indefinitely by the act of D. D. Varnado alone, any new conventions which he might make could not affect the right of homestead unless again waived in the manner prescribed by article 246 of the Constitution of 1898."

The act of mortgage referred to is in the usual form, and is of date March 29, 1905; and it recites that D. D. Varnado, plaintiff, is indebted to defendant in the sum of $1,500, evidenced by his promissory note of even date, and identified therewith; and that the mortgage is to bear upon the property described in favor of the future holder or holders of said note. Then follows the waiver of the homestead rights by husband and wife.

The act of pledge referred to is of date May 1, 1905, between J. E. Varnado & Bro. and defendants, and is for $3,000, evidenced by two promissory notes of J. E. Varnado & Bro.

Defendants answer:

"The mortgage note itself remaining alive, the homestead waiver is equally alive. The mortgage is an entity, and so is the waiver. When plaintiff waived her homestead in that mortgage, she waived the homestead once and for all so long as that mortgage remained outstanding.

"In order to establish the extinction of her waiver plaintiff must show not simply the payment of the first indebtedness which the mortgage note was pledged to secure. She must show the payment of the mortgage note itself. And that she cannot show."

[1] The Code declares that a mortgage is, in its nature, indivisible, and that it prevails over all the immovables subject to it, and over each and every portion. Articles 2112, 3282; Walton & Kemp v. Lizardi et al., 15 La. 588; Pepper v. Dunlap, 16 La. 163. Being indivisible in its nature, it follows that a mortgage must stand or fall in its entirety. When plaintiffs admit the mortgage to be alive and binding in part, they admit its binding effect in all of its parts; which, of course, includes the special waiver of homestead rights. Defendants have not, by any act of theirs, renounced, or consented to a limitation of the act of mortgage in its character or scope.

[2] The contract of suretyship is strictly construed always; and if plaintiffs had proved that the act of mortgage of date March 29, 1905, and the act of pledge of May 1, 1905, were parts of the same transaction, and that the three thousand dollars of notes mentioned in the act of pledge had been paid, they would have made a better showing. But, the dates of the two acts are a full month apart; they do not refer to one another; and they, therefore, serve to contradict the assumption in argument that the acts of mortgage and pledge were practically one and the same act, and parts of the same transaction. The testimony in the record, admitted over defendants' objections, does not sustain the assumed position, that the two acts of mortgage and pledge were practically one and the same transaction. They are separate and distinct acts, as indicated on their faces, and so far as the record in the case discloses. It is not shown that defendants made an agreement to restrict the act of mortgage to any degree or extent, or that they abandoned the waiver of the homestead by plaintiffs.

The note and mortgage of D. D. Varnado were issued, as before stated, to secure the indebtedness of J. E. Varnado & Bro. to defendants; and D. D. Varnado, by letters found in the record addressed to defendants, authorized defendants annually to retain said note and mortgage as security for the debt owed to them by J. E. Varnado & Bro. Plain-

tiffs admit that the note and mortgage are valid, binding, and subsisting, and when they make that admission, they also admit that the entire act of mortgage is binding in all of its parts, including the waiver of their homestead rights.

The waiver of the homestead was made in favor of the future holder or holders of the note held by defendants, and the waiver continues until that note is paid or extinguished in some legal manner. Having been issued to serve as collateral security, the note and mortgage might have been extinguished by the payment of the principal obligation which it was issued to secure; but there is no evidence in the record to show that it was to secure any special debt, or that that debt has been paid. The issue of new notes by J. E. Varnado & Bro. in renewal of the old ones was but the continuance of the same obligation, and did not operate a novation, or release, or impair the effect of the original pledge in absence of proof of such intention. Union National Bank v. Slocomb, 34 La. Ann. 927.

The judgment appealed from is affirmed.