LEOHE, J.
In the month of February, 1912, defendant bought 17 mules, and, in representation of part of the purchase price thereof, it executed its note due December 12, 1912. Unable to take up its note at maturity, it then executed two other notes in renewal thereof, one for the sum of $1,379.35 due December 12, 1913, and the other for the sum of $1,383.24 due December 30, 1913. The holder and owner of the notes, who had sold the mules, transferred the notes by indorsement to the plaintiff bank, now suing to recover the amount thereof and for recognition of its vendor’s lien and privilege on the mules.
[1] The principal, and in fact the only serious, defense is that the original claim was novated when the vendor of the muías accepted new notes, and therefore that the vendor’s privilege was lost. The record also contains a bill of exception, taken by defendant, to a ruling of the judge compelling it to go to trial, over its objection that the case had not been properly or regularly fixed. Defendant’s objection seems to be based upon some supposed rule of the court which is not in evidence. This bill is not urged in defendant’s brief, and we seet no reason to reverse the trial judge’s ruling thereon.
‘The defense of novation is not supp rted by the evidence. The Code defines “novation” as a contract, consisting of two stipulations ; one to extinguish an existing obligation, the other to substitute a new one in its place. C. C. 2185. Novation is never presumed. C. O. 2190.
Executing a new note in renewal of an old one does not novate the original debt or destroy the privilege securing the same. Davis v. Welch, 128 La. 792, 55 South. 372; Varnado v. Thompson, 129 La. 19, 55 South. 693.
[2] The judgment appealed from is in accord with these views, but it contains error in awarding interest to plaintiff at the rate of 6 per cent, on notes which are silent as to interest. It is therefore ordered that the judgment appealed from be amended by reducing the rate of interest therein to 5 per cent., and, as thus amended, that it be affirmed at the cost of plaintiff and appellee.