## CONSOLIDATED COMPANIES, Inc., v. DOWIATT et al.

### No. 1950.

Court of Appeal of Louisiana. First Circuit. March 22, 1939.

George R. Blum and S. A. LeBlanc, Jr., both of Donaldsonville, for appellants.

J. H. Percy, Jr., of Baton Rouge, for appellee.

CARROLL BUCK, Judge ad hoc.

Consolidated Companies, Inc., brought this suit against James C. Dowiatt and Mrs. Louise Graham Dowiatt via ordinaria.

On September 1, 1934 James C. Dowiatt and his wife, Mrs. Louise Graham Dowiatt, executed a mortgage in favor of Josie Lawless by authentic act before Chas. T. Wortham, Notary Public, which mortgage was filed and recorded on September 3, 1934 in Mortgage Book 50, folio 6 of the records of Ascension Parish, Louisiana. The mortgagors declare in the act that they are indebted unto mortgagee for the sum of $1000, and as representing said amount they made and subscribed in solido one certain promissory note for the sum of $1000 drawn to the order of themselves and endorsed by themselves in blank of even date with the act and made payable on December 1, 1934, bearing interest at the rate of 8% per annum from date until paid and paraphed "Ne Varietur" by said Notary, to identify it with the act of mortgage, and in order to secure the payment of the note in principal, interest and attorney's fees, the mortgagors mort-

gaged in favor of Josie Lawless certain specifically described property. The act of mortgage provides for the payment of 15% of the amount due as attorney's fees in case the note is placed in the hands of an attorney for collection and contains a waiver of the homestead exemption provided by the Constitution of the State, Const.1921, art. 11, § 1 et seq., and contains a clause that in case of judicial sale to enforce the payment of the note the property may be sold at public auction to the highest bidder for cash and without appraisement.

On March 18, 1936, James C. Dowiatt, Louise Graham Dowiatt and J. I. Lipscomb executed an authentic act before Elma T. Gautreau, Notary Public, in which the said Dowiatts declared and acknowledged that on September 1, 1934 they made and subscribed their one certain solidary promissory note for the sum of $1000, drawn to the order of themselves and endorsed by them in blank, dated September 1, 1934, and payable on December 1, 1934, bearing interest at the rate of 8% per annum from date until paid, which note was paraphed "Ne Varietur" by Chas. T. Wortham, Notary Public, for identification with an act of mortgage given by appearers to Josie Lawless and passed before said Notary on September 1, 1934 and recorded in Book 50, page 6 of the Mortgage records of Ascension Parish. The said Dowiatts further declared and acknowledged in said act that they still owe the whole of the said note and the interest thereon and that they are informed that the note has been lost or misplaced by J. I. Lipscomb, the holder of same, and that said Dowiatts have this day made and subscribed in representation of said indebtedness their one certain promissory note for $1000, payable to the order of themselves and by them endorsed in blank, dated September 1, 1934 and made payable on December 1, 1934, stipulating interest at the rate of 8% per annum from date until paid, which note, after having been paraphed "Ne Varietur" by said Elma T. Gautreau for identification herewith, and with said act of mortgage was delivered to J. I. Lipscomb. The said Dowiatts further acknowledged that the last note described is to take the place of the note first described in the act and to be secured by the said mortgage recorded in said Book 50, page 6 of the mortgage

records of Ascension Parish, said mortgage to remain in full force and effect.

The act executed before Elma T. Gautreau, Notary, contains no description of property. It was filed and recorded on March 20, 1936 in Mortgage Book 50, folio 465.

The note filed in evidence and identified with the above referred to act dated March 18, 1936 executed before Elma T. Gautreau, Notary Public, is dated September 1, 1934, due and payable December 1, 1934, signed by James C. Dowiatt and Louise Graham Dowiatt to the order of themselves, and by them endorsed, and is for the sum of $1000, with interest at the rate of 8% per annum from date until paid, and provides for the payment of 15% additional as attorney's fees in the event the note is not paid at maturity and is placed in the hands of an attorney for collection, and is paraphed "Ne Varietur" by Elma T. Gautreau, on March 18, 1936 for identification with an act of mortgage passed before Chas. T. Wortham on September 1, 1934 for identification with said act passed before Elma T. Gautreau on March 18, 1936.

The plaintiff avers that it is the holder and owner for a valuable consideration of the above described note paraphed by Elma T. Gautreau for identification with the act of mortgage passed before Chas. T. Wortham and recorded in Mortgage Book 50, page 6, wherein the defendants herein mortgaged for a valuable consideration unto Josie Lawless certain described property to secure the payment of the debt in principal, interest and attorney's fees represented by the promissory note for $1000 made and executed by the defendants to the order of themselves and endorsed by them in blank, dated September 1, 1934 and made payable on December 1, 1934, stipulating interest at the rate of 8% per annum from date until paid and paraphed "Ne Varietur" for identification with the act of mortgage hereinabove referred to. Plaintiff prays for judgment against the defendants in solido for $1000 with 8% per annum interest as attorney's fees, and costs, and prays for recognition of its mortgage on the property described, and after the legal formalities, that the property described, be seized and sold for cash, without appraisement, to satisfy plaintiff's claims by preference and priority over all persons, except any indebtedness secured by

mortgage or lien on the property recorded in the mortgage records prior to the recordation of the mortgage sued on.

The answer of defendants contains a denial of the indebtedness claimed, for lack of sufficient information upon which to base a belief, and a denial that plaintiff is the holder and owner for a valuable consideration of the note attached to plaintiff's suit, for lack of sufficient information upon which to base a belief. The answer declares that the note and document recorded in Mortgage Book 50, page 465, above referred to, is the best evidence of the contents of the same, and specially denies that the note is secured by any mortgage, and specially denies that the note is secured by the mortgage recorded in Book 50, page 6, above referred to. Defendants admit that they have been unable to pay anything on the account of principal and interest on the note. The defendants further aver that they executed the mortgage in favor of Josie Lawless on September 1, 1934, recorded in Book 50, page 6, and executed in connection therewith a certain mortgage note dated September 1, 1934, which was for $1000 and paraphed "Ne Varietur" by Chas. T. Wortham, Notary Public, to identify the note with the mortgage recorded in Book 50, page 6. It is the further contention of the defendants, as shown by the answer, that by reference to the document executed by Elma T. Gautreau, Notary Public, the note identified with the mortgage recorded in Book 50, page 6 was by the then holder and owner thereof waived and novated, and defendants relieved from all liability on the said note, and that since said note was released and extinguished, the mortgage given to secure the note, or the mortgage recorded in Book 50, page 6, ceased to exist. Defendants further contend in the answer that the document executed by Elma T. Gautreau was not a conventional mortgage and that the note identified therewith is not a mortgage note, and that the plaintiff is the holder and owner of a simple unsecured promissory note. Defendants prayed in the answer for a denial and rejection of plaintiff's demands, and in the alternative, that should the Court hold that plaintiff is the holder and owner and that the promissory note sued upon is valid, that the Court should decree that the note is purely and simply a promissory note, unsecured by any mortgage whatsoever and without attorney's

fees, and decreeing that the property described is not burdened with a mortgage and that the mortgage recorded in Mortgage Book 50, page 6 should be ordered annulled, cancelled and erased.

There is a stipulation in the record that the note sued upon was executed by the defendants and is the same note paraphed with the act passed before Elma T. Gautreau March 18, 1936 recorded in Mortgage Office Book 50, page 465.

Judgment was rendered by the District Court on June 29, 1938 in favor of the plaintiff, as prayed for, and a rehearing was refused on October 27, 1938, and both defendants appealed devolutively.

Counsel for defendants urge in their brief that the note executed on March 18, 1936, although dated September 1, 1934, does not contain or stipulate for the payment of any attorney's fees whatsoever. At the outset it is well to state that counsel for defendants are in error because the note filed in evidence shows very plainly the provision for 15% additional for attorney's fees in case it is placed in the hands of an attorney for collection. The record shows that the full amount claimed by plaintiff, therefore, is due and owing, and that plaintiff is the owner of the note sued on.

■ Counsel for defendants insist that the note sued upon cannot be impressed and secured by a mortgage under the act paraphed by Chas. T. Wortham, Notary Public, for the reason that the note paraphed before Elma T. Gautreau was given to extinguish and settle the note paraphed by Chas. T. Wortham and to substitute a new obligation in lieu of the old obligation. Counsel for defendants also suggest that as between the defendants and J. I. Lipscomb in the act before Elma T. Gautreau, Notary Public, that the parties may have been satisfied that the note paraphed before Chas. T. Wortham and given to Josie Lawless, was lost, but that Josie Lawless, or any other holder of the alleged lost note might have rights which might be asserted since J. I. Lipscomb was not made a party to the suit. Neither Josie Lawless, nor any other alleged holder of the lost note is before us, and we do not see clearly what practical interest the defendants have in raising the point. It is true that where a lost instrument is made the foundation of a suit, or defense, it must appear that the loss has been advertised, within a reasonable time,

in a public newspaper, and proper means taken to recover the possession of the instrument. Art. 2280, Rev.C.C. However, the makers of these notes acknowledged by authentic act that they were informed that the note had been lost or misplaced by J. I. Lipscomb, the holder of the same, and they executed another note in representation of the same indebtedness with recognition of the same security as provided for in the original note. Under these circumstances the defendants cannot complain of a failure of advertisement or of the means which might have been taken to recover the possession of the lost instrument. Moreover, there is nothing in the pleadings, nor is there any objection made in the testimony, which raises the question of failure to advertise or the failure to take means to recover possession of the lost or destroyed instrument. The authentic act executed before Elma T. Gautreau on March 18, 1936 offered in evidence without objection, and the answer filed by defendants precludes defendants from injecting into the issues of this suit any question of rights which might be asserted by Josie Lawless, or rights of any other holder of the alleged lost note.

■ The contention of counsel for defendants that the second note was given to extinguish and settle the other and to substitute the new obligation in lieu of the old obligation, is not borne out by either the written evidence of the transaction or by the second note itself, but to the contrary, the obligation and the security were not affected in any way whatsoever. The new or second note is in all respects identical with the lost note, except for the paraph of the Notary. No attempt was made to execute a new mortgage, because the parties appearing in the instrument executed before Elma T. Gautreau specifically provided for full recognition of the mortgage executed before Chas. T. Wortham. The execution and recordation of the act passed before Elma T. Gautreau shows clearly the intention of the parties to the act to preserve all of the rights under the original note and mortgage. See Levistone v. Bona, 4 Rob. 459. The substitution of the evidence of this debt to take the place of the note that was lost or destroyed, certainly is not an extinguishment or settlement of the debt, and since the debt represented by the first note has never been discharged, extinguished or changed, there was no novation.

See Farmers' National Bank of Lebanon, Kentucky, v. Belle Alliance Co., 142 La. 538, 77 So. 144; Davis v. Welch, 128 La. 785, 792, 55 So. 372; Varnado v. Thompson & Co., 129 La. 15, 55 So. 693.

Article 2187 of the Revised Civil Code provides: "The pre-existent obligation must be extinguished, otherwise there is no novation; if it be only modified in some parts, and any stipulation of the original obligation be suffered to remain, it is no novation."

The judgment of the Lower Court appealed from is correct, and it is, therefore, affirmed.