JASPER E. JONES, Judge.
Weston J. Barnard, plaintiff, appeals a judgment rejecting his demand to set aside a judicial sale in which his undivided one-half interest in former community property was bought by his ex-wife, Thelma Ruth Barnard, defendant, at a judicial sale invoked to satisfy a writ of fieri facias obtained by the former wife in execution of her $9,000 judgment against her former husband for unpaid child support.
On October 25, 1979, plaintiff secured a writ of fieri facias ordering seized defendant’s undivided one-half interest in and to the house and lot owned in indivisión of plaintiff and defendant in order to satisfy the $9,000 judgment dated May 31, 1979. Plaintiff’s one-half interest in the property was appraised at $10,675. The mortgage certificate on the seized property dated December 12, 1979, reflected “a special mortgage of date March 2, 1970 given by Weston James Barnard and Thelma Crews Barnard in favor of Modern American Mortgage Corporation in the sum of $16,-500, recorded March 5, 1970 in Mortgage Volume 246, page 429, Record 223416.” This mortgage, and the notice of seizure which was recorded on October 31, 1979 in Mortgage Book 399 at Page 391, were the only two entries shown on the mortgage certificate operating against the property sold.
The judicial sale was held on December 12, 1979 and the sheriff’s proces verbal of the sale reflected only the following bid at the sale:
“Attorney J. B. Wells representing Thelma Ruth Barnard bid cost plus assumption of one-half the balance due on Modern American Mortgage Company in the amount of $8,000.00”.
The proces verbal also reflected that Thelma Ruth Barnard had paid $657.20 to the Sheriff and retained as judgment holder $7,342.80. The Sheriff’s deed to Thelma Ruth Barnard reflected that she had paid $8,000 cash for the property. At the time of the sale the $16,500 mortgage on the house and lot in favor of Modern American Mortgage Company executed by plaintiff and defendant had an unpaid balance of $15,207.28.
Plaintiff Weston J. Barnard sued to set the Sheriff’s sale aside, alleging that it was a nullity because the purchaser of the property at the sale failed to bid enough to pay off the superior mortgage and for the further reason that the purchaser failed to pay the consideration to the Sheriff.
The trial court in written reasons for rejecting plaintiff’s demands to declare the sale a nullity, stated:
“. . . The amount bid by the purchaser was sufficient to cover all cost, and the bid included the assumption and agreement to pay the defendant’s one-half of the superior mortgage. The purchaser was already bound in solido for the payment of the superior mortgage, so the purchaser was thereby required to pay the entirety of the superior mortgage.
Defendant further contends that the sale is invalid because the $8,000.00 was not actually paid to the Sheriff. However, this argument overlooks Article 2374 of the Code of Civil Procedure which provides:
‘If there is a mortgage, lien, or privilege on the property superior to that of the seizing creditor, the purchaser shall pay to the Sheriff only that portion of the sale price which exceeds the amount of the superior mortgage, lien, or privilege.’
*941 Under the provisions of this Article, the purchaser was not required to pay to the Sheriff the portion of the sale price to be applied to the superior mortgage. That amount could be paid directly to the superior mortgage holder by the purchaser, since the superior mortgage holder retained the right to enforce the mortgage against the property purchased at the sale, under Article 2378 of the Code of Civil Procedure. The purchaser paid the actual costs, and the balance of the sale price was to be applied to the superior mortgage. Under Article 2374, the purchaser was authorized to withhold that amount, rather than pay it to the Sheriff. The evidence shows that plaintiff purchaser acted in accordance with the provisions of Article 2374.”
The superior mortgage reflected on the mortgage certificate was a solidary obligation of plaintiff and defendant. Plaintiff owed the debt in its entirety and the mortgage securing the debt is indivisible and applied in totality to plaintiff’s undivided one-half interest in the land which was seized and sold at the Sheriff’s sale. LSA-C.C. art. 3282 provides:
“The mortgage is a real right on the property bound for discharge of the obligation.

It is in its nature indivisibie and prevaiis over ail the immovabies subject to it, and over each and every portion.

It follows them into whatever hands they pass.”
See also Hughes v. Patterson, 23 La.Ann. 679 (1871); Varnado v. Thompson & Co., 129 La. 15, 55 So. 693 (1911).
The rules on judicial sales under fieri facias require that before there could have been a valid judicial sale of plaintiff’s one-half interest in the property the bid must have been for cash in an amount sufficient to pay the costs and the superior mortgage. LSA-C.C.P. art. 2335:
“The sheriff shall announce that the property is to be sold for cash subject to any mortgage, lien, or privilege thereon superior to that of the seizing creditor.”
LSA-C.C.P. art. 2337:
“If the price offered by the highest bidder at the first or subsequent offering is not sufficient to discharge the costs of the sale and the mortgages, liens, and privileges superior to that of the seizing creditor, the property shall not be sold.”
While the trial judge was correct in his statement that LSA-CCP art. 2374[1] does not require the purchaser at the sheriff’s sale to pay that portion of the sale price which is required to liquidate prior encumbrances to the sheriff, this provision of the Code does not alter the requirements that the bid must be in cash in an amount sufficient to pay all costs and prior encumbrances. The fact that the purchaser at the sheriff’s sale may be obligated to pay the note securing the superior mortgage against the property to be sold at the judicial sale does not eliminate the requirement that the bid be in an amount sufficient to discharge the superior mortgage affecting the property bid upon.
Defendant’s bid was not for cash and the amount of it in the sum of $8,000 was far less than adequate to pay the superior mortgage which had an unpaid balance of $15,207.28. The sheriff should not have sold the property and the sale was a nullity. Keller v. Summers, 159 So. 198 (La.App. 1st Cir. 1935); Neyrey v. Jaxon Applebee, 308 So.2d 399 (La.App. 4th Cir. 1975), and cases cited therein.
We REVERSE the judgment of the trial court and set aside and annul the sheriff’s deed conveying the following described property:
“Lot Two (2) of Glendale Subdivision, Unit Number Four (#4), a subdivision of Bossier City, Bossier Parish, Louisiana, as per plat recorded in Book 141, Page 561 of the records of Bossier Parish, Louisiana, together with all buildings and improvements located thereon,”
*942 to Thelma Ruth Barnard contained of Record at Book 648, Page 834 of the Conveyance Records of Bossier Parish, Louisiana. Defendant in these proceedings, Thelma Ruth Barnard, is cast for all costs.

. LSA--CCP art. 2374: If there is a mortgage, lien, or privilege on the property superior to that of the seizing creditor, the purchaser shall pay to the sheriff only that portion of the sale price which exceeds the amount of the superior mortgage, lien, or privilege.