304 So.2d 89 (1974)
GENERAL ELECTRIC CREDIT CORP.
v.
Cyrus "Bobby" TARDO, Lafourche Parish Sheriff.
No. 9947.
Court of Appeal of Louisiana, First Circuit.
October 14, 1974.
Rehearing Denied December 16, 1974.
Writ Refused February 7, 1975.
*90 Keith M. Whipple, Houma, for appellant.
Walter K. Naquin, Jr., Thibodaux, for appellee.
Before SARTAIN, ELLIS and de la HOUSSAYE, JJ.
ELLIS, Judge:
Plaintiff herein, General Electric Credit Corporation, foreclosed via executiva on a mobile home which it had financed for Frances E. Sandoz. Both the writ of seizure and sale directed to the sheriff, and the advertisement for the sale, stated that the sale was to be made for cash.
At the sale, the adjudicatee was Charles Mobile Homes, Inc., which bid the sum of $1,500.00, and gave the sheriff its check in that amount for the purchase price. The sheriff immediately deposited the check in his account.
Shortly thereafter, plaintiff's attorney advised the sheriff, first by telephone and then by letter, that the sale was invalid because the purchase price had not been paid in actual cash at the moment of adjudication, and demanded that the property be readvertised for sale. After receiving the telephone call, the sheriff ascertained from his bank that the check was good. He subsequently advised plaintiff's attorney that he intended to deliver title to the adjudicatee.
On the next day, plaintiff filed this suit against the sheriff, asking for a temporary restraining order, and preliminary and permanent injunctions, to prevent the sheriff from delivering title to the mobile home. He further asked for writ of mandamus to compel the sheriff to readvertise the mobile home for sale. After a hearing, the trial judge dissolved the temporary restraining order and denied both the preliminary injunction and the mandamus. Plaintiff has appealed.
R.S. 13:4360 provides as follows:
"A. If the terms of the sale provide for the full payment of the adjudication price at the moment of the adjudication, or if the terms provide for a deposit, and the purchaser fails to make such full payment or deposit, the seizing creditor may direct the officer conducting the sale either to re-offer the property immediately, or readvertise the property for sale as provided in Sub-section C of this Section. If the property is re-offered for sale immediately, the first purchaser is relieved of any liability.
"B. If the purchaser makes the deposit required by the terms of the sale, and fails to pay the entire purchase price within thirty days after the adjudication, on demand of any interested party the officer conducting the sale shall re-advertise the property for sale as provided in Sub-section C of this Section.
"C. When the property is re-advertised, it shall be in the manner required by law for the advertisement of the original sale, and the second sale is at the risk and for the account of the first purchaser. Should there be a loss because of the second sale, the first purchaser is liable for such loss; but should the property bring a higher price at the second sale, the first purchaser has no right to the increase.
"The first purchaser may not bid at a second sale."
Under Article 2375 of the Code of Civil Procedure, the purchaser is required to pay the full amount of the price to the sheriff. While the giving of a check does not constitute payment in the absence of an agreement to that effect, it is a conditional payment which, when the check is honored by the drawee, constitutes full payment as *91 of the time it was received. Ray v. Canal Bank & Trust Co., 186 La. 547, 173 So. 101 (1937).
The check offered in payment was accepted at the time of the adjudication by the sheriff, the person to whom the law requires payment to be made. The record reflects that the check was, in fact, good. Under the principles of law above cited, it is apparent that the sheriff had received full payment prior to the time this suit was filed. In making full payment, the purchaser complied with the requirements of R.S. 13:4360, supra, and is entitled to receive from the sheriff a deed to the property purchased.
We do not agree with plaintiff's argument that unless payment is made in legal tender the sale is invalid. It is true that the order of seizure and sale directed to the sheriff, and the advertisement for the sale stated that the sale was to be made for "cash". However, we are of the opinion that, as used in the order and in the advertisement, the word "cash" refers to the terms of the sale and not to the medium to be used in payment.
We do not wish to imply that the sheriff can not demand legal tender in payment of the purchase price, if, in the exercise of his discretion he deems it advisable to do so. Our holding is that when a check is given and accepted in payment of the purchase price at a judicial sale, and is subsequently honored by the drawee bank, the adjudication will not be set aside on the sole ground that the purchase price was not paid in legal tender.
The case of Dunlap v. Whitmer, 133 La. 317, 62 So. 938 (1913) which is relied on by plaintiff is factually inapposite, being a case in which the sheriff demanded legal tender, and was handed down many years prior to the adoption of R.S. 13:4360, supra.
The judgment appealed from is affirmed, at plaintiff's cost.
Affirmed.