330 So.2d 364 (1976)
CAPITAL BUILDING AND LOAN ASSOCIATION
v.
H. T. NICHOLAS and Gordon J. Martin, Sheriff.
No. 7358.
Court of Appeal of Louisiana, Fourth Circuit.
April 13, 1976.
H. Book Hopkins, Leo Jerome Lahey, Gretna, for plaintiff-appellee.
Martin, Himel & Peytavin, Anthony J. Nobile, Lutcher, for H. T. Nicholas, defendant-appellant.
Before SAMUEL, LEMMON and STOULIG, JJ.
STOULIG, Judge.
Plaintiff, Capital Building and Loan Association, filed suit to annul the sale of a mobile home adjudicated to defendant H. T. Nicholas at a sheriff's sale by public auction in St. James Parish. Nicholas, the only bidder, gave a personal check for $105.42 for the sale price and plaintiff contends this did not meet the terms of the advertisement of "cash" payment. It maintains the acceptance of a check changed the transaction into a credit sale. Defendants, the adjudicatee and Gordon J. Martin, the sheriff of St. James Parish, failed to file an answer but waived this deficiency by going to trial on the merits.[1] From a judgment in favor of plaintiff nullifying the sale and ordering it readvertised and resold, defendant has appealed.
*365 The sole issue is whether a personal check meets the requirement that the property be sold for cash. Plaintiff, having proceeded by executory process against its judgment debtors, Bobbie T. and Mildred Washington Davis,[2] caused their mobile trailer to be seized and advertised for sale at 10 a. m., October 16, 1974, for cash and without appraisal. Several times before the sale, one of plaintiff's representatives advised Deputy Sheriff Canatella of his intent to be present. Thus when he did not appear at 10 a. m., the time advertised, Mrs. Canatella delayed the sale until 10:10 a. m. Then with defendant still being the only bidder present, she proceeded. As the price of $105.42 was accepted and as defendant Nicholas was in the process of writing his personal check for this amount (he had previously been advised by the sheriff's office that a personal check was acceptable), the plaintiff's representative appeared and upon learning the action was concluded, protested the form of payment. The Sheriff nonetheless accepted and successfully negotiated the check. Plaintiff of course wished to appear at the auction to protect its judgment in excess of $6,300 and to insure the mobile home, to be sold without appraisement, did not go for a bargain basement price.
The trial judge reasoned the check was not the equivalent of cash. In written reasons for judgment, he stated:
"The court is of the opinion that the word `cash' means legal tender or its equivalent, and should not be interpreted to restrict the sheriff to the acceptance of legal tender alone. Thus in the opinion of the court the sheriff would be justified in accepting cash, bank cashier's check, bank money order, United States postal money order, certified check, or any other similar negotiable instrument generally recognized and accepted as being the equivalent of cash.
"The question however is whether a personal check, not certified, is the equivalent of cash. The court concludes that it is not. A personal check is simply an order drawn upon a banking institution directing that institution to pay to the order of the payee the specified amount of money. * * *"
We disagree. It would not be possible for an adjudicatee at public auction to have a cashier's check, a certified check, or a similar negotiable instrument at the bidding without knowing the exact sale price. Further it would be impracticable to require all bidders to carry money to cover whatever amount is needed to buy at public auction. This same issue was considered in General Electric Credit Corp. v. Tardo, 304 So.2d 89, 91 (La.App. 1st Cir. 1974), writs refused, and the court held:
"We do not wish to imply that the sheriff can not demand legal tender in payment of the purchase price, if, in the exercise of his discretion he deems it advisable to do so. Our holding is that when a check is given and accepted in payment of the purchase price at a judicial sale, and is subsequently honored by the drawee bank, the adjudication will not be set aside on the sole ground that the purchase price was not paid in legal tender."
We fully agree with this result.
For the reasons assigned, the judgment appealed from is reversed and defendant Gordon J. Martin is hereby authorized to deliver to H. T. Nicholas documents that convey title to him in the 1971 Guardian Mobile Home, No. XXXXXXXXXG. Plaintiff is to pay all costs of this litigation.
REVERSED AND RENDERED.
NOTES
[1] Manuel v. Broderson, 298 So.2d 333 (La.App. 3d Cir. 1974).
[2] Proceeding No. 11,408 of the Twenty-Third Judicial District Court for the Parish of St. James.