GRISBAUM, Judge.
Malcolm Falgoust appeals the judgment of the trial court in favor of appellees, Ira A. Duhe and Wayne A. Duhe, annulling and setting aside a judicial sale for failure to appoint a notary. We affirm.
Malcolm Falgoust and John J. Vizcaino, Jr., owners of undivided interests in certain immovable property in St. John the Baptist Parish, filed a petition for partition by lici-tation against the nine owners of the remaining undivided interest. The petition was filed on November 12, 1981, and the matter was heard on June 18, 1982 at the end of which hearing the attorney for defendants stated his clients were not opposed to proceeding with the partition by licitation. Judgment was signed ordering the property in dispute be sold at public auction for cash in order to effect the partition after the advertisements required by law. No mention was made of the appointment of a notary.
The sale was conducted on August 4, 1982. Appellee, Ira Duhe, arrived at the courthouse in Edgard prepared to bid in an *741 attempt to acquire full ownership of the property. However, Mr. Duhe’s attorney had informed him he need only put down 10 percent cash of the amount bid and would be allowed ten days to pay the balance. Upon arriving at the courthouse, Deputy Sheriff Kathleen Chauvin informed Mr. Duhe he would be required to remit the full amount bid in cash immediately following the auction. Mr. Duhe had only a $10,000 cashier’s check and $2000 cash on his person. Roland St. Martin, attorney for Mr. Falgoust, appeared at the auction to bid on behalf of Mr. Falgoust. Mr. St. Martin and Mr. Duhe were the only two engaged in the bidding. Mr. Duhe’s final bid was $70,000 and Mr. St. Martin offered the final, highest bid of $71,000. After the auction had ended, Mr. Duhe went to Deputy Chauvin to see Mr. Falgoust’s check. He was told that Mr. Falgoust had not left a check and would be allowed to pay at a later time. Deputy Chauvin testified the custom was to require cash from an “outside bidder,” which she defined as anyone other than the plaintiff in the case.
On August 24, 1982, appellee, Mr. Duhe, filed a rule to show cause opposing homolo-gation of the partition on the ground that no notary was appointed resulting in substantial prejudice to him. After hearing the argument of counsel on September 8, 1982, the trial court found that under the provisions of article 4605 of the Louisiana Code of Civil Procedure the appointment of a notary is required to effect a partition by licitation and that, therefore, the absence of a notary required the judicial sale be annulled and set aside.
The trial court did not address the issue of prejudice, but this court finds the record supports allegations that the sale was conducted improperly and unfairly to the prejudice of Duhe.
Article 4605 of Louisiana Code of Civil Procedure provides in pertinent part that the trial court has discretion to direct the manner and conditions of effecting the partition, so that it will be most advantageous and convenient to the parties. In this case, the trial court did not set terms and conditions except in instructing that there be a sheriff’s sale and for cash. A sale “for cash” means payment at the time of sale as opposed to a credit sale. General Electric Credit Corp. v. Tardo, 304 So.2d 89 (La. App. 1st Cir.1974). It is not necessary that a sale with terms for cash be paid in legal tender, but a personal check honored by the bank is sufficient. Therefore, Duhe should not have been told he could not pay the purchase price by check.
Moreover, when the sheriff, without court mandate, makes different requirements of the bidders in their payment, the sale is not a fair sale and should be rescinded, when the successful bidder is the one favored by the sheriff.
The sheriff apparently relied upon Louisiana Revised Statute 13:4359 in his approach to the sale. This article permits the sheriff in certain instances to decide upon a portion of the purchase price to be paid at the moment of adjudication but only when this information is included in the advertisement prior to sale. This article is inapplicable to the instant case since there was no such advertisement, and, in any event, the article does not authorize a sheriff to impose different requirements of payment on individual bidders.
Because the sale can be annulled on grounds of unfairness, it is unnecessary to address the issue of whether a notary must be appointed by the trial court prior to the sale under article 4605 of the Louisiana Code of Civil Procedure in order for the sale to be valid.
For the reasons assigned, we affirm the judgment of the trial court in annulling and setting aside the judicial sale and remand for further proceedings in accordance with article 4605, each party to pay his own costs.
AFFIRMED.