526 So.2d 1264 (1988)
B.J. LUCAS, Plaintiff-Appellant,
v.
W.E. "Coon" DEVILLE, et al., Defendants-Appellees.
No. 87-198.
Court of Appeal of Louisiana, Third Circuit.
April 6, 1988.
Ford & Nugent, Howard N. Nugent, Jr., Alexandria, for plaintiff-appellant.
Smith, Taliaferro, Seifert, Boothe & Purvis, Leo Boothe, Jonesville, David A. Sheffield, Gold, Simon, Weems, Bruser, Sharp, Sues & Rundell, Edward E. Rundell, Alexandria, for defendants-appellees.
Before GUIDRY, DOUCET and KNOLL, JJ.
KNOLL, Judge.
B.J. Lucas (hereafter Lucas) obtained a judgment against W.E. Deville and Market Insurance Company, the insurer of Pelican Truck Lines, the employer of Deville and Lucas, in the amount of $335,222.15 plus judicial interest for personal injuries he received. The facts underlying Lucas' original action are reported in 385 So.2d 804 (La.App. 3rd Cir.1980), writs denied, 386 So.2d 357, 359 (La.1981).
Market Insurance paid Lucas $382,917.78 as partial satisfaction of the judgment, and obtained from Lucas a partial release of judgment. At this point Lucas was still owed $45,097.85. In executing the release Lucas reserved his rights against W.E. Deville and any third parties who may be liable to W.E. Deville.
Prior to W.E. Deville's adjudication as a bankrupt, Lucas seized by writ of fieri facias whatever rights of contribution W.E. Deville had against David Deville, Sr., the president of Pelican Truck Lines, and A.B. Chisum, the owner of the cement bin which was involved in Lucas' accident. In the original suit Lucas did not sue David Deville or A.B. Chisum, nor did W.E. Deville file third-party claims against them. Accordingly, Lucas and W.E. Deville's trustee in bankruptcy filed suit against David Deville and A.B. Chisum. Prior to trial W.E.
*1265 Deville's trustee in bankruptcy paid Lucas $20,383 on the judgment owed.
The trial court found David Deville and A.B. Chisum were not negligent and accordingly, they were not liable for contribution to Lucas or W.E. Deville.
Only Lucas appeals, contending the trial court erred in failing to find David Deville and/or A.B. Chisum liable as co-tortfeasors with W.E. Deville. We affirm.

FACTS
The facts pertinent to this aspect of the case were succinctly stated by the learned trial judge and are adopted herein:
"A.B. Chisum (hereafter referred to as Chisum) is an operator of a sand, gravel and cement business who sold a cement hopper used to load and store dry cement and agreed to dismantle the hopper to be transported off the site. In order to accomplish the transportation of the unit, Chisum contacted W.E. Deville (hereafter referred to as W.E.) who was an employee and supervisor at Pelican Truck Lines, Inc. (hereafter referred to as Pelican), a heavy equipment transport service. A meeting between Chisum and W.E. was held wherein Chisum told W.E. that the hopper had been emptied by the `conventional method'. `Conventional method' means to operate a vibrator which in effect shakes the hopper thus causing loose cement that could adhere to the walls of the hopper to fall out.
David Deville, Sr. (hereafter referred to as David) is the president of Pelican Truck Lines, Inc. His brother W.E. was a `truckpusher' for Pelican and could therefore accept jobs. Those jobs that W.E. accepted were those he was in charge of and Pelican therefore delegated to W.E. the responsibility for those he was in charge of and Pelican therefore delegated to W.E. the responsibility for those jobs. David never spoke to `truckpushers' about their jobs unless they asked him for help. Thus, Chisum contracted with W.E. for Pelican Truck Lines, Inc. to transport the hopper.
On the day of the move, Chisum was on the site and ran the vibrator so as to remove any remaining cement. He further offered access to the hopper for W.E. to inspect the inside of the hopper. W.E. did not choose to inspect the interior, rather he began with his plan to tilt the hopper over and prepare it for transport, thus he failed to realize that cement had caked to the walls of the hopper.
In the process of lifting the hopper on its side two gin pole trucks were used, each on opposite sides of the hopper with the trucks' respective cables attached to the sides of the hopper. Lucas was operating the truck which was to allow the hopper to lay on its side gently. When the hopper reached the point where it would tip over, gravity and the weight of the hopper overwhelmed Lucas' truck. The truck then tipped up on its back wheels. The cable disengaged or broke and the truck dropped back into normal position. The resulting fall back into position injured Lucas. After the accident it was determined that unmixed dry cement had adhered to the walls, unknown to Chisum."
Lucas contends that the trial court erred in its determination that Deville and Chisum were not at fault in causing his damages.
A reviewing court must give great weight to the trial court's factual conclusions, and where there is a conflict in testimony, reasonable evaluation of credibility and reasonable inferences of fact should not be disturbed, even though the appellate court may feel its own evaluations and inferences are just as reasonable. Canter v. Koehring Company, 283 So.2d 716 (La. 1973). Because of the trial court's superior position in observing the demeanor of the witnesses, an appellate court reviewing a cold record should not disturb a trial court's evaluation of credibility and factual determinations unless they are manifestly erroneous or clearly wrong.

DAVID DEVILLE'S ALLEGED NEGLIGENCE
Lucas contends that David Deville was an executive officer of Pelican Truck Lines who was also at fault in causing *1266 Lucas' injuries because he knew or should have known that W.E. Deville had inadequate experience, skill, background, knowledge, training and capacity to carry out an operation involving the lowering of a closed, aboveground cement bin.
We have carefully examined the record and find that the trial court was not manifestly wrong in its determination of facts relative to this issue. The trial court provided sound written reasons for judgment which we adopt herein as the opinion of this court because it addresses all the arguments raised on appeal concerning David Deville's negligence:[1]
"The court now turns its attention to determining whether liability exists as to David Deville, Sr. as executive officer of Pelican Truck Lines, Inc.
It is alleged by the plaintiff, B.J. Lucas, that David Deville, Sr. is liable to him as an executive officer of Pelican under the pre-1976 amendment to L.R.S. 23:1032. Under that statute and its exception, an executive officer could be found liable and damage recovered from him in addition to that provided by workman's compensation. Since the plaintiff, Lucas, seeks recovery under that prior law, this court looks to the Louisiana Supreme Court case of Canter v. Koehring, 283 So.2d 716, (La.1973). Canter provides guidance as to the circumstances that must be present in order for a worker to bring an action in tort against an executive officer:
'1. The principal or employer owes a duty of care to the third person (which in this sense includes a co-employee), breach of which has caused the damage for which recovery is sought.
'2. The duty is delegated by the principal or employer to the defendant.
'3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstanceswhether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.
'4. With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.'
In applying the first criteria to this case, the court finds that a duty of care was owed by Pelican, the employer, which breach of duty caused injury to the plaintiff Lucas.
This court finds that the second criteria is applicable to W.E. in that the duty care [sic] was delegated to him by his employer, Pelican. The court does not find that the second criteria is applicable to David, while President of Pelican, was not involved in the job that caused injury to Lucas.

*1267 The third criteria is not applicable to David either. The court cannot find that David personally breached the duty of care owed since he did not engage in any way with the job. The job was W.E.'s responsibility and he even was initially contacted by Chisum and eventually contracted to do the job without any personal action on David's part. It was W.E.'s responsibility to inspect the interior of the hopper prior to an attempt to move it, which ultimately led to Lucas' injury.
David Deville is the president of Pelican and as such his duties are administrative. Therefore this court holds that the fourth criteria of the Canter case is applicable in finding liability on the part of David. David had no personal duty to Lucas in that he had delegated the responsibility on behalf of Pelican for the job to W.E. In fact this court finds that David had no knowledge of the fact of the additional weight in the hopper caused by the caked cement. Testimony reveals that if the caked cement had not been present, W.E.'s calculations would have been proper to move the hopper."

THE ALLEGED NEGLIGENCE OF A.B. CHISUM & CHISUM CONCRETE AND MATERIAL CO., INC.
Lucas contends that Chisum, the president of Chisum Concrete, supplied erroneous information to W.E. Deville that the cement bin was empty when, in fact, it had cement in it which greatly increased the weight of the bin. Lucas' contentions are based on strict liability and negligence.
An owner of an object, who transfers its possession, but not its ownership to another, continues to have garde or custody of its structure, and is obliged to protect others from damage caused by structural defects arising before transfer because the owner of the object is in a better position than an innocent victim to guard against unreasonable risks of structural defects. Ross v. La Coste de Monterville, 502 So.2d 1026 (La.1987).
The trial court concluded that Chisum did not have custody of the cement bin because he no longer had control over it. We disagree. There is no evidence in the record that Chisum transferred ownership of the cement bin. It is clear that just prior to the accident Chisum's employees operated the bin to check that it was empty, and had the necessary control to allow Pelican's employees to enter through the top of the bin.
Nevertheless, we do not find that Chisum was strictly liable. A thing is considered defective under LSA-C.C. Art. 2317 if it presents an unreasonable risk of harm to others in its normal or ordinary use. Dean v. Lake Charles Harbor & Terminal, 496 So.2d 1352 (La.App. 3rd Cir.1986). The cement bin did not present an unreasonable risk of harm in its normal or ordinary use. The caked cement was a normal accumulation and posed no danger until Deville attempted to move the bin.
Furthermore, we do not find that Chisum was negligent when he advised W.E. Deville that the concrete bin was emptied by the "conventional method." Chisum employed Pelican, a professional trucking company, to move the cement bin. As noted in our original appellate opinion, W.E. Deville had the "duties of informing himself of the nature, intricasies, weight and other pertinent factors relative to the thing he undertook to lower from its upright standing position." Furthermore, Chisum offered W.E. Deville flashlights and access to the interior of the bin for W.E. Deville to examine itW.E. Deville simply chose not to do so.
Accordingly, we do not find that the trial court erred in finding Chisum was not at fault in causing Lucas' injuries.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to B.J. Lucas.
AFFIRMED.
NOTES
[1] In the present case David Deville did not file an answer to Lucas' petition. Nevertheless, under Louisiana jurisprudence the failure to join issue by filing an answer is waived where the parties go to trial without objection. Manuel v. Broderson, 298 So.2d 333 (La.App. 3rd Cir.1974).