Mary S. BLANSIT, Wife of/Leslie G. Blansit, Plaintiffs–Appellees,

v.

HYATT CORPORATION OF DELA-WARE, Defendant–Appellant.

No. 88–3437.

United States Court of Appeals, Fifth Circuit.

June 9, 1989.

Craig R. Nelson, Hulse, Nelson & Wanek, New Orleans, La., for defendant-appellant.

James A. McCann, John J. McCann, Charles J. Ferrara, McCann & McCann, New Orleans, La., for plaintiffs-appellees.

Before GEE, SMITH and DUHE, Circuit Judges.

DUHE, Circuit Judge:

A "runaway" escalator is the culprit in this personal injury action. Hyatt Corporation, the lessor of the escalator, appeals the trial court's determination that it was strictly liable under La.Civ.Code Art. 2317 for injuries sustained by Mr. and Mrs. Leslie Blansit when the escalator's brakes failed. Alternatively, Hyatt seeks to decrease the amount of damages awarded to the Blansits. We affirm.

## FACTS

The escalator is located in a building owned by Refco Poydras Hotel Joint Venture (Refco) and leased by Hyatt Corporation. It connects the third floor of the New Orleans Hyatt Regency Hotel to the first floor lobby. At the time of the accident, the escalator was turned off and was being used as a stationary stairway. Nevertheless, it began moving rapidly downward, hurling the Blansits onto the lobby floor. Mr. Blansit sustained three fractured ribs, a fractured vertebra, a contusion of the lower back which lasted two to three months, swelling of the left knee, and a hematoma on the left leg. Mrs. Blansit sustained a contusion of her right ribs.

## TRIAL COURT OPINION

The trial court found that due to the problem with its brakes, the escalator created an unreasonable risk of injury to others. The court also found that under the lease between Refco and Hyatt, Hyatt had assumed custody (garde)[1] of the escalator. The trial court further found that Hyatt paid Westinghouse Electric Corporation to maintain the escalator and it considered this evidence of Hyatt's control over the maintenance of the escalator. Accordingly, the district court held Hyatt liable for the Blansits' injuries under La.Civ.Code Art. 2317 which provides for the liability of the

---

1. For a discussion of the civilian concept of "garde" in relation to La.Civ.Code Art. 2317 see *Ross v. La Coste de Monterville,* 502 So.2d 1026 (La.1987); *Loescher v. Parr,* 324 So.2d 441 (La. 1975).

guardian of a thing for damages caused by its defect without proof of negligence.

The trial court awarded Mr. Blansit $67,500 for disability, pain and suffering, and mental anguish; $10,000 for loss of enjoyment of life; and $3,898.52 for past medical expenses. Mrs. Blansit received $1,500 for pain and suffering and mental anguish; and $5,000 for loss of consortium.

ANALYSIS

1. *Custody*

■ Hyatt contends the trial court erred in finding it had "custody" (garde) of the escalator. It asserts several theories in support of this claim. First, Hyatt contends it did not have custody of the escalator because it did not supervise or control the *maintenance* of the escalator. This argument is without merit. It is well settled that things are in one's custody for purposes of Art. 2317 liability if one bears such a relationship to them as to have the right of direction and control over them and to draw benefit from them. Although this relationship is ordinarily associated with ownership, the owner may transfer the guardianship by transferring the thing to another, such as a bailee, lessee or usufructuary, who will bear such a relationship to the thing as to himself have the custody (guardianship) of it. *Loescher v. Parr*, 324 So.2d 441 (La.1975). Paragraph 18 of the lease between Refco and Hyatt provides that Hyatt "shall solely and exclusively be responsible for operation of the leased property and shall enjoy the exclusive possession thereof and revenues therefrom, all costs and liabilities arising from such operation being costs and liabilities of Hyatt." This paragraph of the lease transferred to Hyatt the care (garde) of the escalator. Hiring Westinghouse to maintain the escalator did not strip Hyatt of its right of direction and control of the escalator. On the contrary, as the trial court found, it is proof of Hyatt's dominion over the escalator.

Next, Hyatt contends that it did not have custody (garde) of the escalator because,

under the lease with Refco, it merely agreed to be responsible for operation of the hotel and did not assume responsibility for any liabilities arising out of the condition of the escalator. This argument is frivolous. Hyatt agreed to be responsible for operations of the leased property. The escalator was part of the leased property.

Next, Hyatt contends it did not have custody of the escalator because an owner [Refco] who leases a defective thing retains custody (garde) of the thing for Article 2317 purposes. This argument is without merit. None of the cases relied on by Hyatt[2] is applicable to the instant case. In *Detillier* and *Ross* there was evidence that the structural defect causing the loss existed at the time the offending device was transferred by the owner. There is no proof that the escalator was defective when Refco leased it to Hyatt. In *Willis* the language relied upon is dicta only. There was no transfer of the offending device by the owner. The district court correctly concluded that Hyatt had "custody" (garde) of the escalator.

2. *Third Party Fault*

■ Hyatt asserts Westinghouse's negligent failure to maintain and/or repair the brakes on the escalator as a defense to its liability under Article 2317. However, it is well settled that the defense of third-party fault does not apply where the third party is acting with the consent of the custodian of the defective thing. *Olsen v. Shell Oil Co.*, 365 So.2d 1285 (La.1979). Westinghouse was acting with the consent of Hyatt. Therefore, Westinghouse's negligence, if any, did not relieve Hyatt of its liability.

3. *Damages*

■ Hyatt contends Mr. Blansit's awards for disability, pain, suffering, mental anguish, and loss of enjoyment of life are excessive because Mr. Blansit was 50–60% disabled by an arthritic condition be-

---

**2.** *Detillier v. Scafco, Ltd.*, 507 So.2d 829 (La.App. 5th Cir.), *cert. denied*, 508 So.2d 820 (1987); *Ross v. La Coste de Monterville*, 502 So.2d 1026

(La.1987); and *Willis v. Cajun Electric Power Co-op, Inc.*, 484 So.2d 726 (La.App. 1st Cir.), *cert. denied*, 488 So.2d 200 (1986).

fore the accident and his impairment was only marginally increased by the accident.

Much discretion is left to the trial judge in assessment of damages in cases of offenses. La.Civ.Code 2324.1. Before the court of appeal can disturb an award by a trial court, the record must clearly reveal that the trier of fact abused his discretion in making the award. *Perniciaro v. Brinch*, 384 So.2d 392, 395 (La.1980). The trial court found Mr. Blansit's back injuries were extremely painful, required the use of a back brace occasionally for one year and continued to cause Mr. Blansit lower back pain at the time of the trial—more than two years after the accident; Additionally, Mr. Blansit fractured three ribs, had swelling and tenderness in his left knee, and a slight loss of motion and ecchymosis about his lower leg. The awards made by the trial court were supported by the record and were not an abuse of discretion.

Hyatt contends that the trial court erred in awarding $5,000 to Mrs. Blansit for loss of consortium. Hyatt argues that no proof of such a loss was established at trial, that Mr. Blansit's participation in household activities before the accident was minimal due to his arthritic condition and therefore, the award to Mrs. Blansit was excessive. Under Louisiana law loss of right of performance and material services is one of the elements of consortium for which a plaintiff may recover. *Finley v. Bass*, 478 So.2d 608 (La.App. 2d Cir. 1985). The trial court specifically found, as a result of the accident, Mr. Blansit could no longer perform household chores, rake leaves or shop for groceries. This constitutes a loss of right to material service for which Mrs. Blansit was entitled to recover and for which the trial court's award was not excessive.

AFFIRMED.