**Brian Lee ELLISON**

v.

**CONOCO, INC., et al.**

**Civ. A. No. 85–657.**

United States District Court, E.D. Louisiana.

June 19, 1989.

Martin E. Regan, Jr., Regan & Associates, New Orleans, La., for plaintiff.

Peter S. Koeppel, Abbott, Webb, Best & Meeks, New Orleans, La., for Conoco, Inc.

Lawrence J. Ernst, Christovich & Kearney, Pan–American Life Center, New Orleans, La., for Associated Oilfield Services.

## ORDER AND REASONS

MENTZ, District Judge.

The issue before the Court is whether Associated Oilfield Services, Inc. (Associated) had custody of the snubbing unit involved in plaintiff's accident for purposes of La. Art. 2317 liability. The Court previously granted summary judgment in favor of Associated because there was no evidence that it had anything to do with the operations or instrumentalities involved in plaintiff's accident.

Plaintiff subsequently moved to vacate the dismissal of Associated and for rehearing of Associated's motion for summary judgment on the ground that newly discovered evidence demonstrated that Associated owned the snubbing unit involved in plaintiff's accident. The Court found that, even assuming Associated owned the snubbing unit in question, there is no evidence that Associated had custody or *garde* of the unit, as required by Article 2317. The Court denied plaintiff's motion to vacate, but granted plaintiff's motion for rehearing only insofar as permitting the parties to submit evidence on the issue of custody. Having reviewed the parties'[1] supplemental briefs, the Court finds that Associated did not have custody or *garde* of the snubbing unit.

The undisputed facts show that Snubbing Services designed and manufactured the snubbing unit in 1979. Due to capitalization problems with Snubbing Services' debt/equity ratio, the snubbing unit was sold to Associated in 1979. Associated immediately leased the unit back to Snubbing Services, which thereafter used the unit in its snubbing operations until dissolution of the business in 1985. This transfer of ownership was strictly a financing arrangement. The unit always remained in the care, control, and possession of Snubbing Services.

■ The mere fact that Associated holds title to the snubbing unit is not sufficient to establish custody. *See Blansit v. Hyatt Corporation of Delaware*, 874 F.2d 1015 (5th Cir.1989). Plaintiff would have the Court equate custody with ownership, citing *Ross v. La Coste de Monterville*, 502 So.2d 1026 (La.1987); *Lucas v. Deville*, 526 So.2d 1264, 1267 (La.App. 3d Cir.1988); and *Detillier v. Scafco, Ltd.*, 507 So.2d 829 (La.App. 5th Cir.), *cert. denied*, 508 So.2d 820 (1987). *Ross, Lucas,* and *Detillier* are distinguishable in that the owner had custody of the allegedly defective thing and

---

1. Conoco, Inc., also submitted an additional brief on the issue of custody.

subsequently transferred its possession to another. Those cases address whether an owner *who has custody* transfers the *garde* by transferring possession. *See Ross* at 1029 ("An owner who transfers to another possession of his thing continues to have the *garde* or custody of its structure and a duty to protect others from harm caused by the defect"; *Lucas* at 1267 ("An owner of an object, who transfers its possession, but not its ownership to another, continues to have *garde* or custody of its structure, and is obliged to protect others from damage caused by structural defects arising before the transfer because the owner of the object is in a better position than an innocent victim to guard against unreasonable risks of structural defects"); and *Detillier* at 831 ("The guardianship or custody of a thing from which liability arises under art. 2317 rests with the owner, until such time it is transferred to another".)

■ In the case at bar, the snubbing unit always remained in the possession of Snubbing Services. When Associated bought the snubbing unit, the only transfer was of title; there was no transfer of possession. There is no question of whether Associated retained the custody or *garde* of the snubbing unit when it leased the unit back to Snubbing Services because Associated never had custody to retain or transfer. Associated never possessed, controlled, or operated the snubbing unit and therefore, was never in a position to correct defects that might have arisen. Accordingly, the Court finds as a matter of law that Associated did not have custody of the snubbing unit for purposes of Article 2317 liability.

In view of the foregoing,

IT IS ORDERED that the Court's prior order of dismissal in favor of Associated Oilfield Services, Inc. shall remain in effect.