FORET, Judge.
The issue in this case is whether or not the trial court erred in its grant of a summary judgment in favor of defendant-appel-lee, Thomas L. Jackson, Sheriff of Catahou-la Parish, and against plaintiff-appellant, Marvin I. Aplin.
FACTS
The facts were succinctly stated by the trial court, in its reasons for judgment, as follows:
“[T]he Federal Land Bank had a mortgage on certain real property owned by one Marcus Aplin, Et Ux, which was given a security for the mortgagor’s promissory note. Marcus Aplin, Et Ux defaulted on the note and the Federal Land Bank filed a foreclosure proceeding which resulted in a writ from this Court directed to Thomas L. Jackson, Sheriff, ordering him to sell for cash the property mortgaged.
“After complying with all legal requirements, the Defendant-Sheriff, through his duly authorized deputy, offered the mortgaged property for sale at public auction on the 14th day of October, 1987. Plaintiff appeared at that auction and made a high bid of one hundred and forty-one thousand ($141,-000.00) dollars cash. Before accepting Plaintiff’s bid, and making an adjudication, the Sheriff advised the Plaintiff that he could not accept a personal check, but allowed him some time to make an offer of legal tender. Plaintiff made no further effort to show that his personal check was the equivalent of cash or to provide the Sheriff with the requested legal tender. The Sheriff then re-bid the property within the time limits set forth in the law, and subsequently adjudicated the property to the lien holder, the Federal Land Bank, which had bid *1221 the sum of sixty thousand ($60,000.00) dollars being two-thirds of the appraised value.”
Aplin filed suit against both Sheriff Jackson and the Federal Land Bank of Jackson. In his petition, Aplin alleges that he believes that the payment by Federal Land Bank Association was by check and further alleges “that the refusal of the defendant, Thomas L. Jackson, his agents and/or employees to allow him to pay by check for the purchase above mentioned constitutes and [sic] intentional tort by the said defendant which should allow the plaintiff to recover damages for the said actions of the defendant.”
In response to Aplin’s petition, both defendants filed motions for summary judgment, both of which were granted by the trial court.[1] Aplin now appeals the grant of summary judgment in favor of Jackson, Sheriff of Catahoula Parish.
DISCUSSION
Summary judgment shall be rendered only where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966.
In addition to the allegations set forth in Aplin’s petition, he filed his own affidavit which essentially restated the allegations set forth in his petition, that being that he bid on the property at the Sheriff’s sale; that the Sheriff refused to accept his personal check; and that the property was re-offered for sale. His affidavit continued by stating that the Sheriff accepted the bid of the Federal Land Bank of Jackson and received payment by check.
Additionally, plaintiff offered the affidavit of Chester Floyd which stated that, on the day of the sale, Floyd had a commitment to loan Aplin the necessary funds and that Floyd had said funds available in cash to deliver to Aplin.
In support of the motion for summary judgment, Sheriff Jackson submitted two affidavits on his own behalf; one from his deputy, Gayle Garrett; and one from his representative, George Griffin. In summary, these affidavits stated that Aplin’s bid was rejected because he would not pay, upon demand, in legal tender, the amount of his bid after the Sheriff would not accept his personal check. Upon demand, Aplin requested “a blank check” on “any bank, it doesn’t make any difference which bank” upon which to draw a check for $141,000. The Sheriff then called several local banks, all of which informed the Sheriff that Aplin had neither a deposit nor a loan commitment in the amount of $141,000 at those banks. After Aplin’s failure to pay, the Sheriff and his representatives gave him time to pay and when he didn’t, the land was re-sold to the Federal Land Bank of Jackson, the successful bidder.
In determining whether any genuine issue of fact remains, it is undisputed that, insofar as the Sheriff - nd his representatives were aware, Api.n did not have the money to back up his bid at the time of sale. As stated by the trial court in the Supplemental Reasons for Judgment:
“Floyd’s affidavit simply indicates that he had made a commitment to Aplin and that he had sufficient funds to carry it out. Nevertheless, the undisputed fact remains that neither Floyd nor Aplin communicated this to the Sheriff, and that at the time of the sale and its continuance, Aplin never offered the bid price in cash or any kind of legal tender. The Sheriff had no reason to believe that Aplin could pay the bid price on the basis of the information given him by Aplin, and discovered by him during the recess in the sale. In fact, he had every reason to believe the contrary, it being undisputed that the Floyd loan commitment had not been made known to him and the undisputed fact that Aplin did not possess the cash or legal tender to satisfy his bid at the time of the sale, even when *1222 it had been extended to allow him to do so.”
We find that the Sheriff was clearly within his discretion in declining a personal check from Aplin. Whether or not the Sheriff allowed the Federal Land Bank of Jackson to pay by check is not material to the issue to be decided in this case. As stated by the trial court in its reasons for judgment:
“Both the Court’s writ directed to the Sheriff and the applicable law (C.C.P. Art. 2375), state quite clearly and unequivocally that the property is to be sold by the Sheriff for cash. (Barnard, v. Barnard, 391 So.2d 939 (La.App. 2nd Cir.).
“The jurisprudence indicates that the Sheriff does have discretion which would allow him to accept a personal check which, when paid upon presentment, satisfies the above requirements of cash payment. [T]his is the holding in the cases of General Electric Credit Corporation v. Tardo, 304 So.2d 89 (1st Cir.1974) and Capital Building and Loan Association v. Nicholas, 330 So.2d 364 (4th Cir.1976).
[[Image here]]
“Nothing in this jurisprudence indicates that the Sheriff is required to accept any personal check tendered to him at a Sheriff’s sale. In fact, the Tardo case, supra, indicates just the opposite. There the Court held:
‘We do not wish to imply that the Sheriff cannot demand legal tender and payment of the purchase price, if, in the exercise of his discretion he deems it advisable to do so. Our holding is that when a check is given and accepted in payment of the purchase price of a judicial sale, and is subsequently honored by the drawee bank, the adjudication will not be set aside on the sole ground that the purchase price was not paid in legal tender.’ (Emphasis provided)
“There is nothing in this record which would indicate or contain the slightest hint that the Sheriff in any way abused the discretion granted him, and that he was doing anything other than carrying out his responsibilities and duties according to the law and the Court’s writ.
“In summary, the Plaintiff has not responded in this matter by setting forth ‘specific facts showing that there is a genuine issue for trial’.”
As such, we find no error on the part of the trial court in sustaining Sheriff Jackson’s motion for summary judgment and affirm the judgment of the trial court.
Costs of this appeal are assessed to Marvin I. Aplin.
AFFIRMED.

. Aplin’s attorney conceded at the hearing on the motion for summary judgment that the plaintiff had no basis to maintain an action against the Federal Land Bank of Jackson.